## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ANGELINA ESTEVEZ-CUBILETE | : |
|  | : |
| Plaintiff, | : Civil Action No.:  1:15-cv-21625-DPG |
|  | : |
| v. | : |
|  | : |
| SYNCHRONY BANK | : |
|  | : |
| Defendant. | : |
|  | : |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS

Defendant, Synchrony Bank ("Synchrony"), moves to dismiss Plaintiff Angelina Estevez-Cubilete's ("Plaintiff" or "Estevez") Complaint for failure to state a claim upon which relief can be granted pursuant to the Federal Rule of Civil Procedure ("FRCP") 12(b)(6).     In support of its motion, Synchrony states as follows:

## I.   INTRODUCTION

Plaintiff seeks relief from Synchrony under the Telephone Consumer Protection Act ("TCPA") but provides only legal conclusions quoting the statutory language and fails to allege any facts sufficient to support any claim for relief.  In the most conclusory fashion, without any factual support, the plaintiff alleges that Synchrony used an automatic telephone dialing system ('ATDS") to place telephone calls to Plaintiff's cellular telephone and/or left telephone messages "by means of an artificial or prerecorded voice."  (Compl. ¶¶ 13-15.)  However, Plaintiff fails to assert anything that supports the legal conclusion that Synchrony used an ATDS or a prerecorded or artificial voice to place any of the calls.  (*Id.*)  Such vague and conclusory statements fall woefully short of asserting a claim against Synchrony under the TCPA and fail to satisfy the

Civil Action No.:  1:15-cv-21625-DPG

basic pleading requirements under the Federal Rules.   Therefore, for the reasons discussed below, this Court should grant Synchrony's Motion to Dismiss.

## II.   <u>STANDARD OF REVIEW</u>

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*   "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).   To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Johnson v. Potter*, 732 F. Supp. 2d 1264, 1275 (M.D. Fla. 2010) (citing *Iqbal*, 556 U.S. at 677).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).   A complaint cannot simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561.   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).   Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Civil Action No.:  1:15-cv-21625-DPG

The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id.*  The well-pled allegations must nudge the claim "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

## III.   ARGUMENT

### 1.   The Complaint Fails to Sufficiently Assert A Claim for Relief Under the Telephone Consumer Protection Act.

The Court should dismiss the Complaint, because it does not allege facts sufficient to state a claim against Synchrony under the TCPA.  The TCPA provides in relevant part:

> It shall be unlawful for any person . . . to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

47 U.S.C. § 227(b)(1)(A)(iii).  To state a claim under the TCPA for calling a cell phone a plaintiff must allege that: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent. *Augustin v. Santander Consumer USA, Inc.*, No., 43 F.Supp.3d 1251, 1253 (M.D. Fla.) (citing 47 U.S.C. § 227(b)(1)(A)). Alleged calls to an individual's cell phone are not enough to state a claim.  Instead a plaintiff must allege sufficient facts that the calls were made "using any automatic telephone dialing system or an artificial or prerecorded voice."   47 U.S.C. § 227(b)(1)(A)(iii); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012)  The term "automatic telephone dialing system" is defined as "equipment that has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

Civil Action No.: 1:15-cv-21625-DPG

As previously discussed, Estevez's Complaint fails to provide any factual detail to support a claim under the TCPA. While conclusorily asserting that Synchrony utilized an ATDS, Plaintiff does not plausibly allege any facts that could show this to be the case. In *Duran*, the plaintiff alleged, in a conclusory manner, that the defendant placed many non-emergency calls to his cellular telephone via an ATDS. 878 F. Supp. 2d at 1316. However, the Complaint was "devoid of any factual allegations to support that claim." *Id*. Moreover, the Plaintiff alleged that "he *spoke* with Defendant's representatives, which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice." *Id*. Because the plaintiff provided no facts whatsoever about any automated calls, the complaint was dismissed. *Id*; *see also Speidel v. JP Morgan Chase & Co.*, No. 13-cv-852-FtM-29DNF, 2014 WL 582881 at *2 (M.D. Fla. Feb. 13, 2014) (dismissing TCPA claim for insufficient factual allegations where plaintiff merely alleged that defendant "plac[ed] calls using an [ ATDS] to dial plaintiffs cellular or residential telephone, or by using an artificial or prerecorded voice to deliver a message to plaintiff' and "failed to identify the nature of the calls."). "[A] plaintiff is required to allege facts sufficient to show plausibility, more than mere possibility." *Gardner v. Credit Mgmt., L.P.*, No. 8:14-CV-1677-T-EAJ, 2015 WL 1235037, at *2 (M.D. Fla. Mar. 17, 2015) (dismissing TCPA claims because the Plaintiff failed to allege sufficient allegations concerning "the content of the telephone calls, or the circumstances that suggest that Defendant used an ATDS to make the telephone calls.").

In this case, Estevez's Complaint states her claims in the same exact fashion as the complaints in *Duran, Speidel and Gardner*, generically alleging that Synchrony placed non-emergency calls to her cellular telephone in a conclusory manner, with no additional facts or details that suggest that Synchrony used an ATDS to make the telephone calls. Moreover, like

Civil Action No.:  1:15-cv-21625-DPG

the plaintiff in *Duran*, Plaintiff alleges that she spoke with Synchrony through its representative (Compl ¶ 18), "which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice."  *Duran*, 878 F. Supp. 2d at 1316.

Numerous courts from around the country have reached this same conclusion, repeatedly finding that allegations merely stating that a defendant used ATDS and/or reciting statutory language are insufficient to state a claim under the TCPA.  Indeed, the authority on this point is overwhelming:

    (i)    *Smith v. NCO Fin. Sys. Inc.*, No. 2:14-cv-1650-TLN-CKD-PS, 2015 WL 2185252, at *1 (E.D. Cal. May 8, 2015) (granting defendant's motion to dismiss after plaintiff made a conclusory allegation that the call at issue "was placed using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or predictive dialer; with the capacity to dial such numbers," but provided no additional facts supporting the allegation);

    (ii)    *Snyder v. Perry*, No. 14-CV-2090-CBA-RER, 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015) (granting motion to dismiss after plaintiff simply parroted the relevant TCPA statutory language and failed to describe, in layman's terms, the facts surrounding the calls or the circumstances surrounding the calls that make it plausible that defendant was using an ATDS);

    (iii)    *Danehy v. Jaffe & Asher, LLP*, No. 5:14-CV-60-FL, 2015 WL 1249879, at *9 (E.D.N.C. Mar. 17, 2015) (dismissing TCPA claim after plaintiff failed to make allegations that the dialing equipment allegedly used had the capacity to store phone numbers, concluding that plaintiff produced no facts, beyond conclusory allegations, tending to show that defendant communicated through the use of an ATDS);

    (iv)    *Brailey v. F.H. Cann & Associates, Inc.*, No. CIV. 6:14-0754, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014) (dismissing TCPA claim and holding that the plaintiff "need not plead 'specific technical details' regarding [defendant's] use of an ATDS, but he must at least describe, in laymen's terms, the facts about the call or the circumstances surrounding the call that make it plausible that the call was made using an ATDS");

    (v)    *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349 ILG JMA, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (The complaint and amended complaint contained no "facts about the calls received by [plaintiff] that permit an inference that they were made using an ATDS");

    (vi)    *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F.Supp.3d 984, 2014 WL 595067, at *2-3 (N.D. Cal. Feb. 14, 2014) (dismissing TCPA claim under Rule 12(b)(6) where plaintiff alleged that defendants "initiated phone calls

Civil Action No.:  1:15-cv-21625-DPG

to plaintiffs residential line using an artificial or prerecorded voice" and placed "14 such calls per week [intermittently] to Plaintiffs residential telephone number and cell phone number");

(vii)  *Sepehry-Fard v. MB Fin. Servs.*, No. C 13-02784 JSW, 2014 WL 122436, at *3 (N.D. Cal. Jan. 13, 2014) (holding that plaintiffs allegations were "too vague to state a claim" under the TCPA where plaintiff alleged that it is unlawful to use "an [ATDS] or an artificial or prerecorded voice" when calling "any telephone number assigned to a paging service, cellular telephone service" and that defendant "violated the Act by placing 14 such calls per week to Plaintiff");

(viii)  *Daniels v. ComUnity Lending, Inc.*, No. 13-cv-488-WQH-JMA, 2014 WL 51275, at *4-6 (S.D. Cal. Jan. 6, 2014) (dismissing TCPA claim for failure to plausibly allege that defendant used an ATDS or an artificial or prerecorded voice, where plaintiff alleged that defendant made "in excess of 1,400 calls, through human agents, computer generated, and robo-dialing" and left "several messages per day using automatic telephone dialing systems, human agents, and an artificial prerecorded voice to Plaintiffs' cellular and residential telephone numbers");

(ix)  *Jones v. FMA Alliance Ltd.*, 978 F.Supp.2d 84, 2013 WL 5719515, at *1-2 (D. Mass. Oct. 17, 2013) (holding that "[s]imply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim"; and dismissing TCPA complaint and rejecting proposed amended complaint as insufficient where plaintiff alleged that defendant "used an [ATDS] as defined by [the statute]");

(x)  *Clayton v. Aaron's Inc.*, No. 13-cv-219, 2013 WL 3148174, at *3 (E.D. Va. June 19, 2013) (dismissing TCPA claim for insufficient factual allegations to support a plausible inference that defendant used an ATDS; and holding that the court "need not take Plaintiffs conclusory assertion that Defendant used autodialing as true," citing *Twombly*, 550 U.S. at 555);

(xi)  *Friedman v. Massage Envy Franchising, LLC*, No. 12-cv-02962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) (dismissing TCPA complaint which alleged that communications "were placed via an [ATDS] as defined by [the statute]" because plaintiff failed to allege facts in addition to a "'formulaic recitation of the elements'" (quoting *Twombly*, 550 U.S. at 555));

(xii)  *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (holding that "when a fact is itself an element of the claim, as is the case [with the TCPA here], it is not sufficient to recite that fact verbatim without other supporting details"; and dismissing TCPA complaint as insufficient where it alleged that defendant "left prerecorded messages on his cellular phone using an ATDS");

(xiii)  *Ibey v. Taco Bell Corp.*, No. 12-cv-0583-H, 2012 WL 2401972, at *l, 3 (S.D. Cal. June 18, 2012) (dismissing TCPA complaint which alleged that a text message "was placed via an [ATDS]" for failure to sufficiently plead use of an ATDS).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Civil Action No.:  1:15-cv-21625-DPG

These dismissals are not surprising, as a conclusory allegation that telephone equipment is an ATDS or that an artificial or pre-recorded voice was used is not entitled to any weight or an assumption of truth under Supreme Court precedent because they are merely a "formulaic recitation of elements" under the TCPA.  A plaintiff is required to plead actual facts beyond the language of the elements of a cause of action, and Plaintiff has not done so here.

Plaintiffs Complaint simply fails to allege sufficient information to determine whether an ATDS was used to make any of the alleged calls, and, thus completely lacks sufficient factual information to state any viable TCPA claim.

WHEREFORE, Defendant Synchrony Bank respectfully moves the Court for an order dismissing the Complaint with prejudice and for such other any further relief the Court deems just and proper.

Dated: June 4, 2015                          Respectfully submitted,

/s/ Sahily Serradet
MARC T. PARRINO
Florida Bar No. 0018197
E-mail: mtp@lgplaw.com
SAHILY SERRADET
Florida Bar No. 77620
E-mail: ss@lgplaw.com
Attorneys for Defendant
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Fax:  (305) 379-9626

Civil Action No.:  1:15-cv-21625-DPG

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of June, 2015, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Sahily Serradet
SAHILY SERRADET

Daniel Tam, Esq.
Daniel Tam, P.A.
1000 Fifth St, Suite 200
Miami Beach, FL 33139
dantamesq@me.com
*Attorneys for Plaintiff*

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400